**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Timothy Barrett

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Barrett, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>v.<br><br>Ecom Interactive, LLC d/b/a ZBiddy d/b/a ZBiddy.com,<br><br>                    Defendant. | Case No.: **'13CV0939 BEN NLS**<br><br>**CLASS ACTION**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. TIMOTHY BARRETT ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Ecom Interactive, LLC d/b/a ZBiddy d/b/a ZBiddy.com ("Defendant" or "ZBiddy"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the State of California, the harm to Plaintiff occurred in the State of California and within the County of San Diego, and Defendant is subject to personal jurisdiction in the County of San Diego and within this judicial district because it conducts business there.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company whose primary address is in Delaware, and is a resident of the State of Delaware. Defendant, is and at all times mentioned herein was, a limited liability company and is a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (10).

9. At all times relevant, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. Defendant owns and operates a website advertising the sale of consumer goods at purported discounted prices.

10. At no time did Plaintiff provide Plaintiff's cellular telephone number to Defendant.

11. At no time did Plaintiff ever enter into a business relationship with Defendant.

12. On or about March 26, 2013, at approximately 1:22 p.m. (PST), Defendant sent an unsolicited text message from telephone number (586) 307-5561 to Plaintiff's cellular telephone number ending in "8824."

///
///
///

13. This unsolicited SPAM text message read as follows:

> Cellular User #64939 Get An Iphone5 now for only $25. Sign Up now at bit.ly/ZVcfxb !

14. On information and belief, the purpose of this text message was to solicit business from Plaintiff regarding an online consumer website owned and operated by Defendant. When a consumer clicks on the link bit.ly/ZVcfxb, he is directed to a website called ZBiddy.com, which website advertises consumer goods as part of a penny auction.

15. On information and belief, Defendant sends the same type of unsolicited text message, with slight variations and from various telephone numbers, to consumers throughout the United States.

16. Through such conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone attempting to advertise ZBiddy's goods and/or services via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. The telephone number Defendant to which Defendant sent an automated text message was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227 (b)(1).

19. This text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. Plaintiff did not provide Defendant or its agent prior express consent to send text messages, including unsolicited text messages, to his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

///

21. This automated text message by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

23. Plaintiff represents and is a member of the Class, which includes all persons within the United States who received any unsolicited text message from Defendant, which text message was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the several hundreds, if not thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the members of the Class via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the class members were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or modify the Class definition to seek recovery on behalf of

additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including but not limited to the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant sent any text message (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system and/or text messaging system to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

29. As a person who received at least one text message using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in the Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Plaintiff and members of the Class will continue to face the

potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual claims of members of the Class, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Class the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF

## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 9, 2013                                  Respectfully submitted,

                                                   **KAZEROUNI LAW GROUP, APC**

                                                   By: __/s/ Abbas Kazerounian__
                                                        ABBAS KAZEROUNIAN, ESQ.
                                                        ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy Barrett, Individually and on behalf of all others similarly situated

## DEFENDANTS
Ecom Interactive, LLC d/b/a ZBiddy d/b/a ZBiddy.com

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kazerouni Law Group, APC; 2700 N. Main Street, Suite 1000
Santa Ana, CA 92705 (800) 400-6808

Attorneys (If Known)
'13CV0939 BEN NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227 et seq. ; 5:552
Brief description of cause:
Violations to the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,001.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/19/2013
SIGNATURE OF ATTORNEY OF RECORD: s/Abbas Kazerounian

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.